IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER LOUIS STETTNER,
     Petitioner,

vs.                                Case No.:  3:12cv527/RV/EMT

SECRETARY, DEPARTMENT OF CORRECTIONS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

     This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 4).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 19).  Petitioner filed a response in opposition to the motion (doc. 21).

     The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

     The procedural background of this case is undisputed by the parties and established by the state court record (doc. 19; *see also* doc. 21 at 1).[1]  Petitioner was charged in the Circuit Court in and

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 19) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

for Santa Rosa County, Florida, Case No. 2008-CF-1348, with one count of lewd and lascivious molestation (offender 18 years of age or older, victim 12 years of age or older, but less than 16 years of age) (Ex. A at 15). Following a jury trial, he was convicted as charged (Ex. A at 41, Exs. C, D). The court sentenced Petitioner to a "split" sentence of seven (7) years of imprisonment followed by eight (8) years of sex offender probation, with pre-sentence jail credit of 60 days (Ex. A at 44–59, Ex. E).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-5938 (Ex. A at 60, Ex. F). The First DCA affirmed the judgment per curiam without written opinion on August 10, 2010, with the mandate issuing August 26, 2010 (Exs. H, I). Stettner v. State, 41 So. 3d 899 (Fla. 1st DCA 2010) (Table).

On October 7, 2010, Petitioner filed a "Motion to Modify/Reduce Sentence due to Mitigation," pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. J). The state circuit court denied the motion on October 20, 2010 (Ex. K). Orders denying Rule 3.800(c) motions are not appealable. See Davis v. State, 745 So. 2d 499 (Fla. 1st DCA 1999); Daniels v. State, 568 So. 2d 63 (Fla. 1st DCA 1990).

On May 26, 2011, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. L at 1–10). The state circuit court denied the motion in an order rendered September 30, 2011 (id. at 14–22). Petitioner appealed the decision to the First DCA, Case No. 1D11-5950 (Ex. M). The First DCA affirmed the decision per curiam without written opinion on March 28, 2012, with the mandate issuing April 24, 2012 (Exs. N, O). Stettner v. State, 84 So. 3d 315 (Fla. 1st DCA 2012) (Table).

Petitioner filed the instant habeas action on October 25, 2012 (doc. 1 at 1, 35, 36). In his amended petition, he asserts the following grounds for relief:

> Ground One: "Denial of effective assistance of counsel: failure to object to admission of deposition of Britney Whitfill at trial. U.S. Constitution Amendment VI, XIV."

> Ground Two: "Denial of effective assistance of counsel: failure to object to State prosecutor's improper comments during trial and closing arguments on the victim's truthfulness and veracity. U.S. Constitution Amendment VI, XIV."

Ground Three:  "Trial court erred when it refused to tailor the 'Williams Rule' standard jury instruction to fit the evidence developed at trial.  U.S. Constitution Amendment VV [sic], XIV."

Ground Four:  "The trial court committed fundamental error when improperly admitting Williams Rule evidence under Florida Sattute [sic] 90.404(2)(B) depriving Mr. Stettner substantive and procedural due process and a fair trial.  U.S. Constitution Amendment V, XIV."

Ground Five:  "Defendant was denied effective assistance of counsel when counsel failed to object to prosecutor's deliberate misststement [sic] of the law.  U.S. Constitution Amendment V, VI, XIV."

Ground Six:  "The Defendant was denied effective assistance of counsel where defense counsel failed to object to Williams Rule evidence.  U.S. Constitution Amendment VI, XIV."

(doc. 4 at 4–12).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 19 at 4). Petitioner does not allege, nor do any of the claims asserted in his federal petition suggest, that any of the statutory triggers set forth in § 2244(d)(1)(B), (C) or (D) apply. Therefore, the undersigned concludes the appropriate trigger for the federal limitations period is the date Petitioner's conviction became final, pursuant to § 2244(d)(1)(A).

Petitioner's conviction became final on November 9, 2010, upon expiration of the 90-day period in which Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court.[2] The statute of limitations began to run on November 10, 2010, the day after the 90-day period expired. *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until November 10, 2011, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira, 494 F.3d at 1289 n.1). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Starting on November 10, 2010, the federal limitations period ran for **197 days** until Petitioner filed a Rule 3.850 motion on May 26, 2011. The Rule 3.850 motion tolled the limitations period until April 24, 2012, the date of the First DCA's mandate affirming the lower court's decision denying the motion. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90-day period expired on November 9, 2010.

remains pending until issuance of the mandate by the appellate court). By the time Petitioner filed his federal habeas petition on October 25, 2012, the 365-day federal limitations had expired (**197 + 183 = 380 days**). Petitioner's federal habeas petition was thus untimely.

Petitioner asserts he is entitled to equitable tolling of the limitations period, on the ground that the inmate law clerk who assisted him in preparing his § 2254 petition, Inmate Farley, miscalculated the filing deadline and erroneously advised him that the deadline was October 25, 2012 (doc. 21). Petitioner also asserts that prior to October 25, 2012, Inmate Farley was transferred to another institution while in possession of Petitioner's partially completed § 2254 petition (*id.*). He asserts he obtained the assistance of another inmate law clerk and was able to file the petition by October 25, 2012, which he believed to be the deadline based upon Inmate Farley's advice (*id.*).

Section 2244(d) is subject to equitable tolling. *See* Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.), *cert. denied,* — U.S. —, 132 S. Ct. 158, 181 L. Ed. 2d 73 (2011). Equitable tolling is a rare and extraordinary remedy. *See* San Martin, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562–63 (citation and internal quotation marks omitted). The extraordinary circumstances must be circumstances beyond the petitioner's control. *See* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See* San Martin, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (quotations omitted).

The Supreme Court has rejected the contention that counsel's mistake in miscalculating the limitations period entitles a petitioner to equitable tolling. *See* Lawrence v. Florida, 549 U.S. 327, 336–37, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007). Specifically, the Court has held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Id.*

In Holland, the Supreme Court, while reiterating that mere attorney negligence does not warrant equitable tolling, nevertheless held that an attorney's serious misconduct may warrant such tolling. 130 S. Ct. at 2564–65. The defendant in Holland filed a pro se federal habeas petition after

the filing deadline had already passed, but he contended that the statute of limitations should have been equitably tolled. *Id.* at 2554–55. In support, he alleged that, during the two years while his state habeas petition was pending before the Florida Supreme Court, his attorney communicated with him only three times, and each time only by letter. *Id.* at 2555. During this time, Holland's attorney never met with him or updated him on the status of his case. *Id.* After the attorney argued Holland's appeal before the state Supreme Court, Holland wrote him multiple letters regarding the importance of filing his federal habeas petition timely. *Id.* at 2556. Despite Holland's attempts to communicate, his attorney ultimately missed the filing deadline for his federal habeas petition. *Id.* at 2556–57. Once Holland learned—in the prison library, not from his attorney—that the Florida Supreme Court had already decided his case and the federal filing deadline had passed, he immediately filed his own pro se federal habeas petition. *Id.* at 2557.

While the Court reiterated that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," it concluded that Holland had not presented such a "garden variety claim." 130 S. Ct. at 2564 (internal quotation marks omitted). Rather, the facts of Holland's case presented "far more serious instances of attorney misconduct." *Id.* The Court found that, while the attorney's failure to timely file Holland's federal habeas petition and his apparent unawareness of the filing deadline date suggested simple negligence, that did not mark the end of the attorney's failures. *Id.* Rather, the Court found that the attorney's failure to timely file despite Holland's many letters emphasizing the importance of doing so, his apparent lack of research regarding the correct filing date, his failure to inform Holland that the Florida Supreme Court had decided his case, and his cumulative failure to communicate with Holland over a period of years amounted to more than simple negligence. *Id.* Thus, the Court concluded under the circumstances, the attorney's misconduct may have constituted extraordinary circumstances warranting equitable tolling and remanded the case for such a determination. *Id.* at 2565.

Unlike the situation in Holland, however, the circumstances in this case do not involve attorney misconduct. Inmate Farley was not Petitioner's attorney, he was simply an inmate "law clerk" assisting Petitioner. Because "garden variety" negligence of counsel in miscalculating the AEDPA limitations period is insufficient to warrant equitable tolling, it does not seem that non-attorney

negligence, which is what Petitioner alleges here, would warrant equitable tolling. In this regard, this case appears more similar to those involving erroneous advice from inmate law clerks to pro se petitioners. *See, e.g.*, Wakefield v. Railroad Retirement Board, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir. 1990) (rejecting petitioner's argument for cause based "on his nonlawyer status, on what he sees as poor advice by inmate law clerks, and on a contention that he ought to have had legal assistance in preparing his collateral petition"); *see also* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days, entitled petitioner to equitable tolling of limitations period); Leftwich v. Sec'y, Dep't of Corr., No. 3:10cv424–J–37MCR, 2011 WL 4947531, at *3 (M.D. Fla. Oct.17, 2011) ("Inmate law clerks are not lawyers, and mere negligence on their part will not justify equitable tolling."); Joubert v. McNeil, No. 08-23374-C, 2010 WL 451102, at *5 (S.D. Fla. Feb. 8, 2010) (equitable tolling does not apply where an attorney misadvised his client as to the triggering of the AEDPA's one-year limitation; accordingly, any negligence on the part of an inmate law clerk with regard to the federal deadline certainly would not justify equitable tolling).

Petitioner failed to demonstrate entitlement to equitable tolling of the limitations period. Further, he does not argue he is entitled to review of his claims through any other recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.	That Respondent's motion to dismiss (doc. 19) be **GRANTED**.

2.	That the amended petition for writ of habeas corpus (doc. 4) be **DISMISSED** with prejudice as untimely.

3.	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of October 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:12cv527/RV/EMT